BOTTOMLY *v.* SPENCER *et al.*

*(Circuit Court, S. D. Illinois.* November 28, 1888.)

1. DOWER—RELEASE—ACKNOWLEDGMENT.

A sealed agreement entered into between a husband and wife in 1868, whereby the latter, for a valuable consideration, agreed to release all claim which she then had or might thereafter have in her husband's property, but which was not acknowledged before a proper officer, as required by statute in Illinois, is not effectual as a release of dower in lands in that state, as the law then stood.

2. SAME—EQUITABLE JOINTURE.

Neither will such agreement bar dower by "equitable jointure," as such jointure must be made before marriage.

3. SAME—VOID RELEASE—RETURN OF CONSIDERATION.

The husband having deserted his wife and children, without showing sufficient cause therefor, 35 years before his death, the wife will not be compelled to return the consideration (less than $500) received by her for her agreement, before dower is assigned.

In Equity. Bill for dower.

Bill filed by Judith Bottomly against Sarah Raymond Spencer and others.

*W. J. Fairman* and *Sanders & Bowers*, for complainant.

*Rinaker & Rinaker*, for defendants.

ALLEN, J. On the 27th day of November, 1884, the complainant filed her bill in this court for dower, alleging her residence to be at Bradford, in the county of York, England; and that on the 25th day of November, 1832, at that place, she was lawfully married to Miles Bottomly, who lived with her as husband until the year 1845, when he left England for the United States, and settled in Macoupin county, Ill., where he continued to reside until his death; which occurred the 5th day of August, 1880; that the said Miles Bottomly, after reaching and settling in Macoupin county, Ill., assumed, and afterwards up to his death was known by the name of William Spencer; that he was at the time of his death seized of valuable real estate in this district, (describing it,) and that he died testate. The personal representatives and legatees under the will are made parties defendant, and the bill prays for the assignment of dower in the described real estate to complainant, and for other relief. The separate answer of Sarah Raymond Spencer is filed, in which the respondent denies all the material allegations in the bill, and insists that she was lawfully married to William Spencer in Macoupin county, Ill., on the 6th day of February, 1855, and lived with him as his lawful

wife from that date to his death, and that as the fruits of this marriage there had been born to her and the said William Spencer seven children, to-wit, Mary Ann, William Henry, Joseph Franklin, Thomas H., John Wesley, Samuel I., and Daisy M. Spencer, all of whom are legatees in the will, and assisted respondent and their deceased father in accumulating the estate of which he died seized. Mary Ann Spencer also answers the bill in denial simply of the truth of its substantial allegations. A great deal of testimony was taken in England and this country, but it presents no conflict with reference to any material fact in the case, establishing beyond any question that the complainant and Miles Bottomly were married in the county of York, England, in 1832; that they lived together as husband and wife till about the year 1845, there having been born to them seven children; that some time in the last-mentioned year Miles Bottomly, without any known cause, abandoned the complainant, his wife, and their seven children, and came to the United States, locating in Macoupin county, Ill., where, assuming the name of William Spencer, he in 1855 married Sarah Raymond, the executrix, and lived with her, and held her out to the world as his wife, up to the time of his death, which took place in 1880. As a result of the second marriage seven children were born in this country, each being named among the legatees under Spencer's will. Under the proof no blame attaches to the defendant Sarah Raymond Spencer, mother of the second set of children. She evidently supposed Miles Bottomly, whom she knew only by the name of William Spencer, capable of contracting the marriage relation, and ever afterwards, till her supposed husband's death, demeaned herself in a wifely manner.

The case presents, then, but questions of law. Miles Bottomly, at the time of the performance of the marriage ceremony, intended to make Sarah Raymond his wife, was the lawful husband of the complainant, and therefore incapable of becoming the husband of another woman. In neither of the answers to the bill is there any contention that the former marriage had been dissolved, or that complainant had released her dower, or was in any manner barred from insisting upon its assignment. In the testimony, however, is to be found a writing, which bears the signature of the complainant and William Spencer, and is as follows:

"Whereas, there is matter of dispute between Judith Bottomly and William Spencer concerning the arrangement and settlement of certain claims and demands heretofore made and now insisted upon by said Judy against the property and estate of said William Spencer, and whereas it is the desire of said Judy and the said William Spencer now to make a final and full settlement of said dispute, and to have all of said demands and claims finally and fully settled, paid off, and discharged, and to have the property and estate of said William Spencer to be from this day hence forth and forever freed, discharged, and released of and from any and all claim, right, title, or interest of the said Judy, her heirs, executors and administrators, of, in, and to or against the property or estate of every name, nature, and description of the said William Spencer; now, therefore, this agreement this day made and entered into by and between the said Judy Bottomly, of Bradford, in Yorkshire, England, party of the first part, and the said William Spencer, of the state of Illinois, party of the second part, witnesseth, that the said party of the first part, for

and in consideration of the sum of one hundred English gold sovereigns, the receipt whereof is hereby acknowledged, doth hereby release and discharge the said William Spencer of and from all claims or demands of every name nature or description which I now have, or have any right, or title, or ground, or supposed right, title, or ground to make, or which I might hereafter make upon the said William Spencer, and I further hereby agree to and do hereby release all of the property, real, personal, or mixed, which the said William Spencer now has or may hereafter acquire, of and from any, all, and every claim, demand, interest, or title which I now have or claim to have, or which I do or might assert against his said estate, and hereby forever release all of the said property of said William Spencer of and from all claim for myself, my heirs, executors and administrators; and the said William Spencer, for and in consideration of said agreements and release hereinabove made by said Judy Bottomly, do hereby give and pay to said Judy the said sum of one hundred English gold sovereigns, and do hereby agree to, and do by these presents for myself, my heirs, executors and administrators, release all claim, right, or title, or interest which I now have of, in, or to any of the property which now belongs to or is possessed by the said Judy Bottomly. In witness whereof the said parties of the first and second parts have hereunto set their hands and seals this 9th day of June, A. D. 1868.

"Witness: C. JOHNSON, 'X'     JUDY BOTTOMLY.     [Seal.]
         "H. M. PETTINGILL.    WILLIAM SPENCER.   [Seal.]
"Witness:  W. G. SCARRITT."

While this paper is dated June 9, 1868, the proof is clear that the name of William Spencer was signed to it about two days before his death, in 1880. In the brief submitted by counsel for defendants it is contended that complainant is estopped by the above contract or instrument from claiming dower in the real estate of her deceased husband; that, while she had not released her dower in any of the methods or according to the forms prescribed by the statute, yet that such a condition of things exist in this case as to warrant a court of equity to refuse complainant the relief sought, and decree that she be barred of dower by what is known as "equitable jointure;" and cite *McGee* v. *McGee*, 91 Ill. 548, in support of this view. The authorities referred to do not sustain the position. While a jointure in equity does not require all the particularities of a jointure at law, still it is fundamental that it be made before marriage. Bac. Abr. Dower and Jointure, "G.;" 2 Bouv. Inst. 253. The instrument quoted, made by complainant June 9, 1868, is ineffectual as a release of dower, even admitting that it was intended as such, and that William Spencer so accepted it and appended his signature thereto on the day it bears date. The supreme court of Illinois, in *Bute* v. *Kneale*, 109 Ill. 653, upon this point say:

"It is clear that until 1869 a married woman could not dispose of or bar her right to any interest she might have in land, including the right of dower, whether inchoate or otherwise, by merely joining with her husband in a deed, unless the deed was duly acknowledged by her before a proper officer, as shown by the officer's certificate, in the form required by the statute."

The claim is made by defendant's counsel that complainant should at least be compelled to return the 100 English gold sovereigns, with interest, before receiving dower. This view cannot be admitted. Miles Bottomly, afterwards William Spencer, has shown no sufficient cause for

deserting the complainant, his wife, and their seven young children, in England, 35 years before his death, leaving this wife to struggle for their support, and the money—less than $500—mentioned in the contract before referred to was probably a scant contribution to those to whom he was under every obligation to care for and protect. If this was even a hard case, so far as defendants are concerned, it would furnish no sufficient reason for refusing complainant her legal rights under the well settled doctrine so repeatedly announced by the courts in this country. Under the bill, answers, and proofs a decree for dower as prayed for will pass, and commissioners be appointed to assign the same.